CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 11, 2013

LETTER TO COUNSEL:

RE: *Rebecca Lynn Little v. Commissioner, Social Security Administration*;
Civil No. SAG-12-1782

Dear Counsel:

On June 15, 2012, the Plaintiff, Rebecca Little, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI"). [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, and Plaintiff's Response to Defendant's Motion. [ECF Nos. 14, 18, 19]. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Little filed her claim for DIB on March 9, 2009, and for SSI on February 24, 2010, alleging disability beginning on June 5, 2007. (Tr. 62-64, 484-95). Her claim was denied initially on June 23, 2009, and on reconsideration on December 30, 2009. (Tr. 54-57, 51-52). A hearing was held on June 14, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 506-39). Following the hearing, on July 27, 2010, the ALJ determined that Ms. Little was not disabled during the relevant time frame. (Tr. 14-32). The Appeals Council denied Ms. Little's request for review (Tr. 7-9), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Little suffered from the severe impairments of osteoarthritis and allied disorders, major depressive disorder, tobacco abuse, and prescription drug dependence. (Tr. 19). Despite these impairments, the ALJ determined that Ms. Little retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can stand and walk 6 hours and sit 6 hours in an 8 hour day, occasional pushing and pulling, occasional reaching with bilateral upper extremities, avoiding hazards, concentrated exposure to cold, able to understand, remember, and carry out 3 step instructions adequately with effort, may have some schedule based problems, breaks at accepted limits, some problem with productivity but with

> appropriate effort can do this, can concentrate and persist adequately with afforded work breaks and can do simple work and interaction with the general public limited to occasional.

(Tr. 24). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Little could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 30-31).

Ms. Little presents two arguments on appeal: (1) that the ALJ erred by failing to give proper weight to the opinions of Drs. Falco and Quintero-Howard, and (2) that she cannot perform light work. Each argument lacks merit.

First, Ms. Little argues that the ALJ erred by giving little weight to Dr. Falco's opinion regarding her elbow pain and resulting lifting limitations. Ms. Little argues that the "ALJ failed to meet her duty of explanation" because the ALJ did not consider the fact that Dr. Falco is a pain specialist, and that he had been treating Ms. Little since August, 2008. Pl. Mot. 10. However, a treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ explained that Dr. Falco's treatment of Ms. Little primarily dealt with monitoring Ms. Little's Oxycodone usage, and that Dr. Falco's lifting limitation of five pounds "appears to be an arbitrary amount, not substantiated with any objective testing." (Tr. 26, 28). The ALJ noted that Ms. Little's elbow pain was largely reduced by her medications (Tr. 25), which is consistent with the medical records. (Tr. 331, 333, 339, 345, 349, 518). The ALJ cited to Dr. Mian's reports (Tr. 26), which indicate that Ms. Little's bilateral upper extremities were "normal" upon examination. (Tr. 449, 455). The ALJ also relied upon Dr. Moore's[1] opinions, which noted that Ms. Little could push, pull, and reach overhead on an occasional basis, and could therefore perform light work (Tr. 230, 231, 235).

Ms. Little also argues that the ALJ erred by relying on Dr. Moore's opinion, which pre-dated Dr. Falco's opinion. Because Dr. Moore's opinion is consistent with other substantial evidence in the record, the fact that his opinion pre-dated Dr. Falco's opinion is of little consequence. In addition, despite Ms. Little's argument to the contrary, the ALJ did discuss Ms. Little's medications, noting several medical records indicating that the medications are not causing serious complications or side effects that severely limit her ability to work. (Tr. 26, 27). Lastly, Ms. Little argues that the ALJ did not consider the fact that the medical opinions of Dr. Al-Amin, Dr. Onyewu, and Dr. Launder support Dr. Falco's findings. Pl. Mot. 10. However, the ALJ did consider those medical opinions (Tr. 26, 27, 28), and the ALJ's assignment of little weight to those opinions is consistent with the substantial evidence in the record. As the ALJ noted, both Dr. Al-Amin and Dr. Onyewu noted in treatment records that Ms. Little's medication controlled her condition. (Tr. 26-29). The ALJ discussed Dr. Launder's evaluation, but did not formally assign it weight. Even if the ALJ erred by failing to expressly assign weight to Dr.

---

[1] Dr. Moore performed surgery on Ms. Little's left elbow, and met with Ms. Little on several occasions after the surgery.

Launder's evaluation, in light of the substantial evidence summarized above, any such error was harmless. Accordingly, the ALJ did not err by giving little weight to Dr. Falco's opinion.

Similarly, Ms. Little next alleges that the ALJ erred by failing to give proper weight to Dr. Quintero-Howard's opinions relating to her mental health. Pl. Mot. 11. Specifically, Ms. Little argues that the ALJ "essentially ignored" Dr. Quintero-Howard's findings, and dismissed such findings "without the support of substantial evidence." *Id.* However, the ALJ addresses Dr. Quintero-Howard's findings throughout her opinion. (Tr. 22, 24, 27, 28-29). Moreover, as noted above, a treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

The ALJ found that Dr. Quintero-Howard's opinions were brief, conclusory, and unsupported by clinical findings. (Tr. 27, 28-29). More specifically, the ALJ also noted that Dr. Quintero-Howard's opinions were not credible because he reported four or more episodes of extended decompensation, none of which were substantiated. (Tr. 22). Physical examinations of Ms. Little, many of which were cited by the ALJ, are also inconsistent with Dr. Quintero-Howard's findings. For example, physical examination reports completed by Dr. Al-Amin, Dr. Hurwitz, and Dr. Mian indicate that Ms. Little is alert, attentive, oriented, cooperative, and well-groomed, her recent and remote memory are intact, she concentrates well, she is not easily distracted, her speech is smooth and clear, her thoughts were organized and goal-directed, she is not in acute distress, and she does not appear sickly. (Tr. 22-23, 258, 332, 449, 455). Consistent with those findings, the ALJ also relied upon state agency psychologist Dr. Boyer, who found mild limitations on Ms. Little's ability to work despite her depression. (Tr. 29, 262-65). Accordingly, the ALJ did not err by giving little weight to Dr. Quintero-Howard's opinions.

Lastly, Ms. Little argues that the ALJ erred in finding that she can perform light work. (Tr. 12-14). Specifically, Ms. Little argues that she cannot lift twenty pounds. Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b); Social Security Ruling ("SSR") 83-10. Ms. Little relies on one finding by Dr. Falco that she can lift less than five pounds occasionally. Pl. Mot. 13-14 (citing Tr. 476). As explained above, substantial evidence supported the ALJ's assignment of little weight to Dr. Falco's opinions, and great weight to Dr. Moore's opinions. The ALJ's finding that Ms. Little could perform light work is supported by those assignments of weight.

Ms. Little further argues that the ALJ erroneously found that her pain was reduced to 2/10 when she is taking her medications. Pl. Mot. 14. Ms. Little argues that this finding was "flawed because the 2/10 pain was with no activity." *Id.* No such distinction can be found in the record. (Tr. 331, 333, 339, 345, 349, 518). The remainder of Ms. Little's arguments regarding light work stem from her subjective complaints, which the ALJ properly found were not supported by the medical evidence of record. (Tr. 29). The ALJ did not err in finding that Ms. Little could perform light work.

For the reasons set forth herein, Plaintiff's motion for summary judgment [ECF No. 14]

*Rebecca Lynn Little v. Commissioner, Social Security Administration*;
Civil No. SAG-12-1782
June 11, 2013
Page 4

will be DENIED and the Commissioner's motion for summary judgment [ECF No. 18] will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge